**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

STERLING BOLDEN
ADC # 116552
PCRFD # 6026-09*1                                                                                                    PLAINTIFF


V.                                          4:09-cv-00720-BSM-JJV


CARL JOHNSON, Dr., Pulaski County Regional
Detention Facility; and CHARLES "DOC"
HOLIDAY, Pulaski County Regional
Detention Facility                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, who states he is confined at the Pulaski County Regional Detention Facility on a parole violation as well as pending new criminal charges, filed this *pro se* 42 U.S.C. § 1983 action, alleging deliberate indifference claims. By way of relief he seeks damages for pain and suffering.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed with prejudice, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Facts and Analysis**

Plaintiff states that on August 14, 2009, he was taken to the jail dentist for an infected wisdom tooth. The tooth was "pulled and cut out" and the dentist prescribed antibiotics as well as Tylenol 3 for pain. Plaintiff adds that he saw the prescription "with his own eyes" but Dr. Johnson "scratched out" that portion of the order calling for Tylenol 3. Dr. Johnson instead directed that Plaintiff be given only over-the-counter strength Tylenol, causing him to suffer "unbearable pain." Defendant Charles "Doc" Holiday has been named as the "employer" of Dr. Johnson.

### A. Denial of Adequate Medical Care

To prevail, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 97 S.Ct. 285 (1976).[1] The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir.2000)(quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

Additionally, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir.2008)(internal quotation marks and citations omitted). *See also Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006)("Malpractice alone is not actionable under the [E]ighth [A]mendment."); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)(stating

---

[1]Assuming without deciding - based on the limited information conveyed by Plaintiff as to his status at the time of the events - that Plaintiff was a pretrial detainee at the Pulaski County Regional Detention Facility, his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). The Eighth Circuit repeatedly has applied the same standards to deliberate indifference claims, however, regardless of whether they arise under the Eighth or Fourteenth Amendment. Butler, 465 F.3d at 345.

that prisoners "do not have a constitutional right to any particular type of treatment[,]" and "nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment"). "The [E]ighth [A]mendment does not transform medical malpractice into a constitutional claim." *DeGidio v. Pung*, 920 F.2d 525, 532 (8th Cir. 1990).

Plaintiff's challenge to Dr. Johnson's decision to switch medications fails to allege circumstances that rise to the level of deliberate indifference. Dr. Johnson did provide Plaintiff with medication for pain, just not the more powerful pain medication that Plaintiff preferred. While Plaintiff may have been subjected to "unbearable pain" when he was denied previously prescribed pain medication by Dr. Johnson, this circumstance without more does not amount to deliberate indifference. Plaintiff's allegation against Dr. Johnson – that he deliberately disregarded his serious medical need by changing his prescription to a different medication – really amounts to a disagreement over a treatment decision. This is not enough to establish deliberate disregard of serious medical needs. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006)(treatment disagreement did not establish deliberate indifference); *See Also Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995)(disagreement about proper course of treatment not actionable under the Eighth Amendment").

**B.**     ***Respondeat Superior* Issue**

Plaintiff has also named as a Defendant Pulaski County Sheriff Charles "Doc" Holiday, because he is the "employer" of Dr. Johnson. However, in a § 1983 action, a supervisor may not be held liable under a *respondeat superior* theory for the constitutional

violations of a subordinate. *Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007); *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(holding that a "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). Rather, supervisors can only be held liable if they personally participated in the alleged constitutional deprivation. *Id.*

There is no allegation of any personal involvement whatsoever on the part of Defendant Holiday in Plaintiff's medical care. In the absence of personal involvement, there can be no liability in this context. *See also Drake ex rel Cotton v. Koss,* 445 F.3d 1038, 1042-43 (8th Cir. 2006)(prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff); *Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002)(prison officials cannot substitute their judgment for medical professional's prescribed treatment). Plaintiff has consequently failed to show his constitutional rights have been violated.

Accordingly, the Court finds Plaintiff's Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*. For these reasons, the undersigned recommends Plaintiff's Complaint be dismissed, for failing to state a claim, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**III.    Conclusion**

IT IS THEREFORE RECOMMENDED that this action be DISMISSED, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 25th day of September, 2009.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."